[Cite as *State v. Main*, 2016-Ohio-527.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **MEMORANDUM OPINION** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2015-P-0079** |
| - vs - | : | |
| WILLIAM F. MAIN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Court of Common Pleas, Case No. 2015 CR 00214.

Judgment: Appeal dismissed.

*Victor V. Vigluicci,* Portage County Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Kimberly Anne Valenti,* P.O. Box 1149, Hudson, OH 44236 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} This matter is before this court on the pro se motion for leave of appellant, William F. Main, to file a delayed appeal, pursuant to App.R. 5(A). Along with his motion, appellant filed his notice of appeal in the trial court on November 24, 2015. The record reflects that the trial court appointed counsel to represent appellant on December 1, 2015, after the notice of appeal and motion for leave were filed.

{¶2} Appellant appeals from the trial court's October 1, 2015 entry which sentenced him to serve twelve years in prison after he entered a guilty plea to multiple counts of pandering sexually oriented matter involving a minor.

{¶3} A timely notice of appeal from the October 1, 2015 judgment entry was due no later than November 2, 2015, which was not a weekend or a holiday. Therefore, appellant's appeal is untimely by 22 days.

{¶4} No brief or response in opposition to the motion for delayed appeal has been filed.

{¶5} App.R. 4(A)(1) states in relevant part:

{¶6} "* * * [A] party who wishes to appeal from an order that is final upon its entry shall file the notice of appeal required by App.R. 3 within 30 days of that entry."

{¶7} App.R. 5(A) provides:

{¶8} "(1) After the expiration of the thirty day period provided by App.R. 4(A) for the filing of a notice of appeal as of right, an appeal may be taken by a defendant with leave of the court to which the appeal is taken in the following classes of cases:

{¶9} "(a) Criminal proceedings;

{¶10} "(b) Delinquency proceedings; and

{¶11} "(c) Serious youthful offender proceedings.

{¶12} "(2) A motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. Concurrently with the filing of the motion, the movant shall file with the clerk of the trial court a notice of appeal in the form prescribed by App.R. 3 and shall file a copy of the notice of the appeal in the court of appeals."

{¶13} In his motion, appellant asserts as his primary reason for failing to file a timely appeal that the trial court and his trial counsel both failed to advise him that he had a constitutional right to appeal and for appointment of appellate counsel.

{¶14} However, page four of appellant's August 13, 2015 signed plea of guilty states: "I understand that while I do not lose all of my rights to appeal if I plead guilty, that I will lose certain appellate rights by pleading guilty. I understand that by pleading guilty I waive my right to appeal any issues that might have been raised had I gone to trial and been convicted. I understand that any appeal in a criminal case must be filed within thirty (30) days after I am sentenced. I understand that if I cannot afford an attorney or the costs of an appeal, the court can appoint an attorney to assist me and have the costs of my appeal paid for from public funds."

{¶15} We find that appellant's signed plea agreement refutes appellant's reason for filing an untimely appeal. Appellant was clearly advised of his limited appellate rights in entering his guilty plea.

{¶16} Therefore, appellant's motion for leave to file a delayed appeal is hereby overruled.

{¶17} Appeal dismissed.


CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.